Mansaray v. Barr

BIA
A090 347 386

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand nineteen.

PRESENT:
JOSÉ A. CABRANES,
GERARD E. LYNCH,
SUSAN L. CARNEY,
    *Circuit Judges.*

_____

LANSANA MANSARAY,
    *Petitioner,*

    v.                                          17-1548
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:          Marc Reiter, Esq., Pittsburgh, PA.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; David Kim, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Lansana Mansaray, a native and citizen of Sierra Leone, seeks review of an April 11, 2017, decision of the BIA denying his motion to reopen. *In re Lansana Mansaray,* No. A 090 347 386 (B.I.A. Apr. 11, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"We review the denial of motions to reopen immigration proceedings for abuse of discretion, mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). There is a one-year deadline for motions to reopen removal proceedings to apply for lawful immigrant status based on a Violence Against Women Act ("VAWA") visa self-petition filed by an alien physically present in the United States. 8 U.S.C. § 1229a(c)(7)(C)(iv). The parties do not dispute that Mansaray's motion to reopen was untimely. However, the BIA has discretion to "waive this time limitation in the case of an alien who demonstrates extraordinary

2

circumstances or extreme hardship to the alien's child." 8 U.S.C. § 1229a(c)(7)(C)(iv)(III).

Pursuant to 8 U.S.C. § 1252(a)(2)(B), "no court shall have jurisdiction to review . . . (ii) any other decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General." Waiver of the time limitation for battered spouses is specified to be "in the Attorney General's discretion." 8 U.S.C. § 1229a(c)(7)(C)(iv)(III). Furthermore, the use in § 1252(a)(2)(B)(ii)of the term "'this subchapter' refers to subchapter II of Chapter 12 of Title 8 of the United States Code, which includes §§ 1151-1381." *Sanusi v. Gonzales*, 445 F.3d 193, 198 (2d Cir. 2006). Accordingly, our jurisdiction to review the BIA's decision on denying a waiver of the time limitation is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(B), (D). We dismiss the petition because Mansaray has not raised a colorable constitutional claim or question of law.

To invoke our jurisdiction, any constitutional claim or question of law must be "colorable." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008) ("[W]e lack

3

jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction."). The agency may commit legal error when its discretionary decision "is made without rational justification," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006), and its fact-finding may be flawed by an error of law when "facts important to [the discretionary] determination . . . have been totally overlooked and others have been seriously mischaracterized," *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009).

The BIA's written decision as to its discretionary choice is not without "rational justification" because it discussed and did not overlook the relevant evidence. The BIA reviewed statements from Mansaray's friends and his pastor and a letter from a caseworker for Mansaray's sons, and acknowledged a police complaint relating to Mansaray's wife. The BIA also acknowledged Mansaray's letter alleging that he and his children had been abused by his wife and that his conviction for endangering the welfare of children was based on lies and was a result of absent-mindedness. The BIA found that Mansaray's criminal conviction was relevant to its discretionary determination and explained that it declined to

4

credit Mansaray's allegations about the conviction because Mansaray had pleaded guilty.  Because the BIA considered all of the evidence and gave a rational explanation for its decision, Mansaray has not raised a colorable question of law, and we lack jurisdiction to further review the BIA's discretionary determination not to waive the time limitation for the motion to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(C)(iv)(III).

For the foregoing reasons, the petition for review is DISMISSED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```